**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| WESTPORT INSURANCE CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:04-CV-74 |
| | § | |
| PATSY JEAN STENGEL and | § | |
| SHER-DEN REALTY, INC., | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION,
MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION
FOR 28 U.S.C. § 1292(b) CERTIFICATION**

The following motions are pending before the court:

1. Westport Insurance Corporation's motion for reconsideration, motion to dismiss or, in the alternative, motion for 28 U.S.C. § 1292(b) certification (docket entry #62);

2. Westport Insurance Corporation's supplement to motion for reconsideration (docket entry #64);

3. Sher-Den Realty, Inc.'s response to Westport Insurance Corporation's motion for reconsideration, motion to dismiss or, in the alternative, motion for 28 U.S.C. § 1292(b) certification (docket entry #65); and

4. Patsy Stengel's notice of joinder (docket entry #66).

### BACKGROUND

On January 28, 2005, this court issued an order concluding that Plaintiff Westport Insurance Corporation ("Westport") has a duty to defend Sher-Den Realty, Inc. ("Sher-Den") and Patsy Stengel ("Stengel") in the underlying state court action. In so finding, the court concluded that Westport's lawsuit for declaratory relief regarding its duty to defend Sher-Den and Stengel in the underlying

state court action was barred by the applicable statute of limitations. Additionally, this court concluded that the sole remaining issue, that being the issue of indemnification, should be stayed pending the adjudication of the underlying state court action.

Westport subsequently filed its motion for reconsideration, requesting that this court reconsider its ruling on Westport's duty to defend. Additionally, Westport seeks the dismissal, presumably without prejudice, of the indemnification issue so that Westport may appeal this court's ruling. Alternatively, Westport requests that this court certify the duty to defend issue for appeal pursuant to 28 U.S.C. § 1292(b).

## LEGAL STANDARD

"Although the 'Motion to Reconsider' is found nowhere in the Federal Rules of Civil Procedure, it has become one of the more popular indoor courthouse sports at the district court level." *Louisiana v. Sprint Comms. Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995). District courts in this circuit have adjudged motions to reconsider dispositive and non-dispositive orders. *See, e.g., Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002). Motions to reconsider, however, serve a very limited purpose: "to permit a party to correct manifest errors of law or fact, or to present newly discovered evidence." *Id.* (citations omitted).

Mere disagreement with a district court's order does not warrant reconsideration of that order. *Id.* at 332. A party should not restate, recycle, or rehash arguments that were previously made. *Id.* District court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). Rather, "litigants are expected to present their strongest case when the matter is first considered." *Sprint Comms. Co.*, 899 F. Supp. at 284 (citation omitted).

**DISCUSSION AND ANALYSIS**

*1.  Motion to Reconsider*

Westport first requests that this court reconsider its position on Westport's duty to defend. The court concluded that Sher-Den and Stengel proved as a matter of law that Westport's lawsuit for declaratory relief with respect to the duty to defend was barred by limitations. In so holding, the court found that Westport's action seeking a declaration on its duty to defend Sher-Den and Stengel accrued, at the latest, on July 19, 1999, the date Westport sent a reservation of rights letter to Stengel questioning its duty to defend Stengel under exclusions (b) and (f) of the Policy.

In its motion to reconsider, Westport argues that the court mistakenly considered extrinsic evidence in its analysis. Westport relies on the holding in *Northfield Insurance Company v. Loving Home Care, Inc.* which provides as follows:

> In light of the Texas appellate courts' unwavering unwillingness to apply and recent repudiations of the *Wade* type of exception, this Court makes its *Erie* guess that the current Texas Supreme Court would not recognize any exception to the strict eight corners rule. That is, if the four corners of the petition allege facts stating a cause of action which potentially falls within the four corners of the policy's scope of coverage, resolving all doubts in favor of the insured, the insurer has a duty to defend. If all the facts alleged in the underlying petition fall outside the scope of coverage, then there is no duty to defend. However, in the unlikely situation that the Texas Supreme Court were to recognize an exception to the strict eight corners rule, we conclude any exception would only apply in very limited circumstances: when it is initially impossible to discern whether coverage is potentially implicated *and* when the extrinsic evidence goes solely to a fundamental issue of coverage which does not overlap with the merits of or engage the truth or falsity of any facts alleged in the underlying case.

363 F.3d 523, 531 (5th Cir. 2004). Applying the *Northfield* holding to the instant action, Westport argues as follows:

> While the fact that Sher-Den was sued along with Stengel *implied* early on that Stengel must have been acting in a dual capacity as an agent for Sher-Den and

as owner of the property for Sher-Den to be liable for her failure to disclose facts about her property, the facts of Stengel's capacity at the time of those omissions were not alleged within the first petitions. Sher-Den's potential liability is premised on its liability for the conduct of its agent Patsy Stengel if, in fact, she operated as an agent during the transaction with the Addisons. Therefore, the facts surrounding Stengel's capacity are facts going to the merits of the underlying case. As such, Westport was not permitted to file a declaratory judgment action to resolve the coverage issues based upon the argument that Stengel was acting in her capacity as agent and owner of the property until those facts were pleaded. (Citation omitted).

---------------------------------------------

. . . Because the inclusion of the facts suggesting Stengel acted in her dual capacity were first pleaded with Plaintiffs' Fourth Amended Petition, there was no *justiciable* controversy between Westport, Sher-Den and Stengel until that time. The triggering event for limitations is not the issuance of a reservation of rights letter but the existence of facts in a petition to support a claim for relief. While Westport acted prudently in immediately reserving its rights regarding application of exclusions (b) and (f) based upon logical understanding of the issue regarding Stengel's capacity when she made the alleged misrepresentations or omissions, no facts were pleaded to give rise to a declaratory judgment action. (Citation omitted).

Mtn. for Reconsideration, Mtn. to Dismiss or, in the Alternative, Mtn. for 28 U.S.C. § 1292(b) Certification, pp. 2-3.

The court is not required to discern whether it should apply the limited exception to the strict eight corners rule because the Original Petition in the underlying action alleges sufficient facts to trigger the applicable statute of limitations for this declaratory judgment action.[1] The Plaintiffs' Original Petition in the underlying action, which was filed on June 3, 1999, provides as follows:

> 4.4 Between the date of the Contract and the date of closing, Plaintiffs made an inquiry to Patsy Stengel about the lack of a check mark on page 2 next to the designation "Landfill" contained in the Seller's Disclosure Notice (the "Notice"). **Patsy Stengel, individually, and as the authorized**

---

[1] The court notes that at the time it entered its ruling on the parties' cross motions for summary judgment, it was not provided with copies of the pleadings from the underlying state court action. Upon receiving Westport's motion for reconsideration, the court ordered Westport to provide the court with copies of the petitions from the underlying lawsuit. Westport complied with this court's order.

> **representative of Sher-Den Realty, Inc., represented to Plaintiffs and to Plaintiffs' real estate agent that there was not now, nor had there ever been, a Landfill on the Property. Defendant Sher-Den and Patsy Stengel received a real estate commission from the sale of the Property.** (Emphasis added).

Plaintiffs' Original Petition, p. 3, ¶ 4.4. Additionally, the Plaintiffs in the underlying action attached a true and correct copy of the real estate contract to their Original Petition as Exhibit A and incorporated the contract for all purposes. Plaintiffs' Original Petition, p. 3, ¶ 4.1. The real estate contract specifically states that "Seller is Licensed Real Estate agent for Sher-Den Realty." Plaintiffs' Original Petition, Exh. A, p. 4, ¶ 11. Additionally, the addendum to the earnest money contract, which is attached as part of Exhibit A, was signed as follows:

/s/ Jerry W. Stengel
Seller

/s/ Patsy Stengel
Seller

/s/ ~~Patsy Stengel~~ Sher Den Realty
Listing Broker

By: /s/ Patsy Stengel

The facts presented in the Plaintiffs' Original Petition clearly reveal Stengel's dual capacity as both the owner / seller of the property as well as Sher-Den's agent. Accordingly, the facts contained in the Plaintiffs' Original Petition placed Westport on notice of exclusions (b) and (f). Therefore, Westport's action seeking a declaration on its duty to defend Sher-Den and Patsy Stengel accrued at the time the Plaintiffs filed their Original Petition on June 3, 1999. Westport had four years to seek declaratory relief on its duty to defend; Westport, however, delayed almost five years

in bringing its suit for declaratory relief.[2]  Accordingly, Sher-Den and Patsy Stengel have conclusively proven as a matter of law that Westport's suit for declaratory judgment with respect to its duty to defend Sher-Den and Patsy Stengel is barred by limitations.

### 2.  *Duty to Defend*

For the first time, Westport raises the argument that under the Policy, "it has the right, but not the *duty*, to defend its insureds in any claim asserted against them." Mtn. for Reconsideration, Mtn. to Dismiss or, in the Alternative, Mtn. for 28 U.S.C. § 1292(b) Certification, p. 4.  As noted previously, Westport's argument is barred by the applicable statute of limitations.  Furthermore, Westport should have presented this argument in its original motion for summary judgment. Accordingly, the court declines Westport's invitation to consider this newly raised argument.

### 3.  *Duty to Indemnify*

The only remaining issue in this lawsuit is that of indemnification.  As such, the court stayed this action pending the adjudication of the underlying state court lawsuit.  Westport is now requesting that the court dismiss Westport's claim for a declaratory judgment on whether it has a duty to indemnify under the Policy and enter a final judgment on this court's January 28, 2005 ruling that Westport has a duty to defend so that Westport may appeal the court's decision on the duty to defend.  The court notes that in Westport's original motion for summary judgment, Westport requested a declaration that Sher-Den and Stengel were "not entitled to coverage under the Westport policy, and that Westport owe[d] no duty to defend or indemnify [Sher-Den and Stengel] for the claims presented in the [u]nderlying suit." Westport's Mtn. for Summary Judgment, p. 15. The basis for Westport's request was grounded on the premise that if the court resolved the duty to

---

[2]Westport filed the instant declaratory judgment action on March 1, 2004.

defend issue in Westport's favor, then it would automatically follow that Westport did not owe a duty of indemnification. Westport never moved for a dismissal of the indemnification issue in the event the court ruled contrary to Westport on its duty to defend. Notwithstanding that fact, the court would normally grant a motion by the plaintiff for voluntary dismissal of a claim. However, here the Defendants have filed a counterclaim for a declaratory judgment construing Westport's duty to indemnify. Defendants Original Answer and Counterclaim, pp. 8-9. Therefore, the issue would still be before the court even if the court were to grant Westport's motion to dismiss. Consequently, Westport's motion to dismiss its declaratory judgment claim on the duty to defend is denied.

### *4.     Certification for Appeal*

Alternatively, Westport requests that the court issue a 28 U.S.C. § 1292(b) certification. Westport argues that "[t]here is no case in Texas or federal courts that has previously held the statute of limitations is applicable to a declaratory judgment action between an insurance carrier and its insured or that the limitations period begins to run upon the issuance of a reservation of rights letter." Mtn. for Reconsideration, Mtn. to Dismiss or, in the Alternative, Mtn. for 28 U.S.C. § 1292(b) Certification, p. 5.

Title 28 U.S.C. § 1292(b) provides, in pertinent part, as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

The court concludes that this case does not involve a controlling question of law as to which there is a substantial ground for a difference of opinion. As noted in this court's previous order, other courts have applied the statute of limitations to declaratory judgment actions. Additionally,

upon reconsideration, the court has now concluded that the limitations period began to run upon the filing of the Original Petition in the underlying action rather than upon the issuance of a reservation of rights letter. As such, the court denies Westport's request for a 28 U.S.C. § 1292(b) certification.

### CONCLUSION

The court finds that although it reconsidered its analysis, its conclusions remain the same. Accordingly, Westport Insurance Corporation's motion for reconsideration, motion to dismiss or, in the alternative, motion for 28 U.S.C. § 1292(b) certification (docket entry #62) as well as Westport Insurance Corporation's supplement to motion for reconsideration (docket entry #64) are hereby **DENIED**.

**SIGNED this the 14th day of September, 2005.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE